Ruffin, Chief Justice,
 

 after stating the facts, as above set forth, proceeded : — We think the decision of his Honor correct : the statute authorizes executions to be issued from the Superior Courts, or the Courts of Equity, upon the certificate of thejudgmentor decreeof the Supreme Court, only for the costs incurred in said cases, in the court from which the cause was sent. This means clearly the costs taxed in the court below, and absolutely payable by one of the parties to the suit, at all events. In cases of appeals from either court, it doubtless includes the
 
 fees to
 
 solicitors and attorneys, taxed or taxable in the court below, according to the final decision here: but when an equity suit is removed for original hearing here, there is no solicitor’s fee
 
 incurred
 
 on either side in the Court of Equity ; that is, there is no liability on one side to pay the fee of the other party to his solicitor: that arises for the first time upon the decree of this court; and consequently, the execution for it must issue from this court. It is indeed only a question of practice; for the decision of it affects no rights: since the same person is entitled to the same sum of money, let the execution issue from which court it may. The decree is, that the costs, &c., be paid to the
 
 party,
 
 and not to a particular solicitor, or set of solicitors, engaged either in one court or the other. With their rights, as against each other, or their clients, the court, as far as this question goes, has nothing to do. The decree did not give solicitors’ fees in both courts, and could not do so, except upon an appeal; and the sole question is, from what court the execution for the single set is to go ? we think, from this court. The officers’ fees stand on a different footing, because they are taxed to the several parties, as the service is rendered; and it would be impossible to retax the bill upon a motion here for that purpose, with any certainty of doing justice, without putting the
 
 *451
 
 parties to almost as much expense as would cover the costs of an ordinary suit.
 

 The order is therefore affirmed, with costs, in this court, against the appellants.
 

 Per Curiam. Decree affirmed.